UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAUTREC CORPORATION, INC.,

        Plaintiff,

v.                                          Civil Action No. 11-CV-136

TACORI ENTERPRISES,

        Defendant.

---

## COMPLAINT FOR DECLARATORY RELIEF

---

Plaintiff, Lautrec Corporation, Inc. by its attorneys, for its complaint against defendant Tacori Enterprises ("Tacori"), and seeking a declaration of its rights, Plaintiff alleges:

### NATURE OF ACTION

1. This is an action for declaratory judgment relating to a claim of copyright infringement arising under the Copyright Laws of the United States, Title 17 United States Code.

2. This is an action for declaratory judgment relating to a claim of trade dress infringement arising under the Trademark Laws of the United States, Title 15 United States Code.

### PARTIES

3. Plaintiff, Lautrec Corporation, is a Wyoming corporation, with its Diamond Nexus Labs division ("Diamond Nexus") having a principal place of business located at 5050 West Ashland Way, Franklin, Wisconsin 53132.

4. Upon information and belief, Tacori is a California company with a principal office at 1736 Gardena Avenue, Glendale, California 91204. Upon information and belief, Tacori regularly conducts business in this District.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 in that Lautrec Corporation seeks a declaration (under 28 U.S.C. §§ 2201-2) that it has not violated the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

6. Venue is proper in this Court because a substantial part of the events giving rise to this cause of action occurred in the Eastern District of Wisconsin. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## BASIS FOR DECLARATORY RELIEF

7. Diamond Nexus is a designer, producer, marketer, and seller of fine jewelry products including but not limited to products incorporating diamond simulants.

8. On July 29, 2010, Diamond Nexus received a letter from Mr. Howard A. Kroll, counsel for Tacori, asserting that Tacori was the owner of copyrighted ring designs, and trademark registration for a ring design, Reg. No. 3,728,425. The letter further stated that Diamond Nexus "without Tacori's permission, is selling and offering for sale rings which are substantially similar to Tacori's copyrighted ring designs and confusingly similar to Tacori's trade dress." The July 29, 2010 letter further asserted that "[u]nless you comply with these demands, it will be necessary to consider further action, including the filing of an action in the United States District Court seeking a temporary restraining order as well as preliminary and permanent injunctive relief."

9. The July 29, 2010 letter is an accusation by Tacori that Diamond Nexus is infringing the '425 trademark registration and of its designs entitled "HT2229", "HT2229A", "HT2258", and "HT2264", alleging infringement by Diamond Nexus' Carnivale ring casting design ("Diamond Nexus ring casting.")

10. Upon information and belief, Tacori's "HT2229A" design is the subject of U.S. Copyright Registration No. VA000147455.

11. Upon information and belief, Tacori's "HT2258" design is the subject of U.S. Copyright Registration No. VA0001225357.

12. Upon information and belief, Tacori has not filed for copyright registration of its designs, "HT2229" or "HT2264."

13. Diamond Nexus negotiated with Tacori's counsel in good faith to resolve the matter. However, the parties have been unable to reach a resolution. Tacori continues to demand that Diamond Nexus must acquiesce to its demands or face legal action.

14. Tacori's claims and demands have created a reasonable apprehension of litigation and have placed a cloud of uncertainty over the manufacturing and sales activities of Diamond Nexus, and therefore over Diamond Nexus' business.

15. An actual and judiciable case or controversy between Diamond Nexus and Tacori exists. So that it may continue its marketing and sale of its jewelry lines, including its ring designs, without interference by Tacori, Diamond Nexus desires to promptly resolve this controversy and establish that it is not infringing or otherwise violating any of Tacori's protectable rights.

**COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND/OR INVALIDITY OF U.S. TRADEMARK REGISTRATION NO. 3,728,425**

16. Diamond Nexus repeats and realleges paragraphs 1-15 as set forth herein.

17. There is an actual and justiciable controversy before this Court with respect to whether Diamond Nexus' ring casting design infringes the trademark or trade dress rights asserted by Tacori and/or whether such rights exist and are valid.

18. Diamond Nexus therefore requests a declaration that its ring casting does not infringe U.S. Trademark Reg. No. 3,728,425, (the " '425 Registration") or otherwise create any likelihood of confusion under the Lanham Act 15 U.S.C. §§1114-1118, and at §1125 and at common law and that the '425 Registration is invalid and/or unenforceable and that Tacori has no rights in the asserted trade dress.

## COUNT II – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TACORI'S AND/OR INVALIDITY OF COPYRIGHTED RING DESIGNS

19. Diamond Nexus repeats and realleges paragraphs 1-18 as set forth herein.

20. An actual controversy exists between the parties as to whether Diamond Nexus is liable to Tacori for copyright infringement as alleged by Tacori.

21. Diamond Nexus contends that it has not infringed any copyright by its use of the its ring casting designs.

22. Accordingly, Diamond Nexus seeks a declaratory judgment that it has not infringed any Tacori copyright through its manufacturing, marketing or sale of its rings.

23. Diamond Nexus further seeks a determination that the copyright in question is the subject matter of Registration VA000147455, determine whether VA000147455 is properly owned by defendant Tacori, and a declaration that the registration is invalid.

24. Diamond Nexus further seeks a determination that the copyright in question is the subject matter of Registration VA0001225357, determine whether VA0001225357 is properly owned by defendant Tacori, and a declaration that the registration is invalid.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff Lautrec Corporation, Inc. demands that judgment be entered in its favor and against defendant Tacori Enterprises, Inc. as follows:

A. Adjudging that Lautrec Corporation has not infringed, and that the Diamond Nexus ring casting designs do not infringe, U.S. Trademark Reg. No. 3,728,425;

B. Adjudging that Lautrec Corporation has not infringed, and that the Diamond Nexus ring casting designs do not infringe, U.S. Copyright Reg. No. VA000147455;

C. Adjudging that Lautrec Corporation has not infringed, and that the Diamond Nexus ring casting designs do not infringe, U.S. Copyright Reg. No. VA0001225357;

D. Adjudging that U.S. Trademark Reg. No. 3,728,425 is invalid and/or unenforceable and that Tacori has no rights in the asserted trade dress

E. Adjudging that U.S. Copyright Reg. No. VA000147455 is invalid;

F. Adjudging that U.S. Copyright Reg. No. VA0001225357 is invalid;

G. Awarding Lautrec Corporation the reasonable attorneys' fees and costs of this action; and

H. Granting such other and further relief as the court deems appropriate.

## JURY DEMAND

Plaintiff Lautrec Corporation, Inc. demands a jury for all factual issues not admitted by the Defendant.

Dated: February 4, 2011

s/Erin K. Fay
Adam L. Brookman
Erin K. Fay
BOYLE FREDRICKSON S.C.
840 N. Plankinton Ave.
Milwaukee, WI 53203
Telephone: 414-225-9755
Facsimile: 414-225-9753
***Attorneys for Lautrec Corporation, Inc.***